IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **MONICA AKERS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) **Civil Action No:** |
| | ) **JURY TRIAL DEMANDED** |
| **AIDS ACTION COALITION OF** | ) |
| **HUNTSVILLE D/B/A THRIVE** | ) |
| **ALABAMA,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

Plaintiff Monica Akers ("Plaintiff" or "Ms. Akers") brings this civil action for relief and damages against Defendant Aids Action Coalition of Huntsville d/b/a Thrive Alabama ("Defendant" or "Thrive Alabama") based on the following allegations and causes of action:

## NATURE OF THE ACTION

This action to correct unlawful employment practices by Defendant arises under the Americans with Disabilities Act of 1990 ("ADA"), as amended in

1

2008, 42 U.S.C.A. § 12101 *et seq.* and the Family Medical Leave Act ("FMLA"), 29 U.S.C.A. § 2615(a)(1). Plaintiff alleges that Defendant terminated her because of her disability and interfered with her exercise of her rights under the ADA. Defendant retaliated against Plaintiff by terminating her employment after Plaintiff exercised her right to leave under the FMLA; and Plaintiff brings an additional claim of FMLA interference based on Defendant's failure to provide notice of her additional rights under the FMLA. Plaintiff seeks economic damages, including back pay; liquidated damages under the FMLA; non-economic compensatory damages under the ADA; lost benefits; punitive damages under the ADA; as well as attorneys' fees and costs of litigation.

## THE PARTIES

1. Plaintiff Akers is a resident of Morgan County, Alabama. During the time of the events alleged in this complaint, Ms. Akers was employed with Thrive Alabama at its offices at 301 Governors Drive, SW, Suite 160, Huntsville, Madison County, AL 35801.

2. Defendant is a covered entity under Title I of the ADA in that it is engaged in an industry affecting commerce and has had more than 15 employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. 42 U.S.C.A. § 12111(5)(A).

3. Defendant is a covered employer under the FMLA in that it is

engaged in an industry affecting commerce and has had more than 50 employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. 29 C.F.R. § 825.104(a).

## PERSONAL JURISDICTION

4. Defendant may be served with proper process of this Complaint and Summons through its registered agent on record with the Alabama Secretary of State: Barbara K. Reed, 1811 Mountainbrook Drive, Huntsville, Madison County, Alabama 35801.

## SUBJECT-MATTER JURISDICTION AND VENUE

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. §§ 1331 and 1343.

6. Venue is proper in this district and division under 28 U.S.C.A. § 1391(b)(1)-(2), as Defendant resides in and conducts business in, and the alleged unlawful acts occurred in this judicial district and division.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") Birmingham District Office, Charge No. 420-2022-00880, on December 12, 2022. A copy is attached as Exhibit A.

8. Plaintiff subsequently received a Right-to-Sue letter from the EEOC, on September 8, 2023. A copy is attached as Exhibit B. Plaintiff timely files this action within 90 days of receiving her Right-to-Sue letter.

## FACTUAL ALLEGATIONS

9. Thrive Alabama is one of five affiliated medical clinics, primarily located and doing business in northeast AL.

10. Ms. Akers became employed with Thrive Alabama on or about March 15, 2021, as a Certified Technician performing duties as a Phlebotomist.

11. In December 2021, Ms. Akers was diagnosed with breast cancer, which required her to undergo a series of medical treatments and surgeries. On or about December 13, 2021, Ms. Akers made officials at Thrive Alabama aware of her diagnosis.

12. On or about December 13, 2021, Thrive Alabama provided Ms. Akers with FMLA paperwork for completion by her physician; Ms. Akers was advised that she would become eligible to take FMLA leave in March 2022.

13. Over the course of the next several months, Ms. Akers attended medical appointments and received various treatments that would occasionally leave her fatigued and lethargic.

14. In late March or early April 2022, Ms. Akers received a double

4

mastectomy.

15.     Ms. Akers went on an approved FMLA leave of absence from April 5, 2022 until May 20, 2022, when she was authorized to return to work with light duty restrictions that limited lifting, pulling, bending and strenuous movement.

16.     Following her surgery, Ms. Akers asked for, and was granted, a modified work schedule to accommodate follow-up appointments and anticipated time for recuperation.

17.     In May 2022, Ms. Akers notified Thrive Alabama that she had scheduled breast reconstruction surgery for August 2022 and would require some period of time off work. At the time she made the request, Ms. Akers had approximately 6 weeks of unused FMLA leave available to her.

18.     On or about June 24, 2022, approximately a month to six weeks after her disclosure of her need for future leave, Thrive Alabama terminated Ms. Akers' employment, ostensibly on the grounds of excessive absenteeism.

19.     Thrive Alabama did not advise Ms. Akers of her eligibility for additional intermittent or continuous FMLA leave that was available to her either at the time she requested a modified work schedule or at the time she provided notice of her impending need for leave in August 2022.

20.     Ms. Aker's purported absenteeism was tied directly to her time off

work for medical reasons and her continuing need for a modified work schedule because of her ongoing medical issues. There is no record of prolonged absences for non-medical reasons or unapproved absences.

21. Thrive Alabama's termination of Ms. Akers interfered with her rights under the ADA in that she was terminated for exercising her statutorily protected rights to an accommodation in the form of a modified schedule; and in addition, she was terminated because of the impact her medical condition had on her ability to attend work during the months during which she required medical leave.

22. Thrive Alabama's failure to advise Ms. Akers of her entitlement to leave and job protection under the FMLA constituted interference with her rights under the FMLA, in that the company's failure to meet its FMLA obligations left Plaintiff's job unprotected and exposed her to termination.

23. Thrive Alabama's discharge of Ms. Akers also reflects retaliation under the FMLA in that her extended FMLA leave was a determinative case of Defendant's termination on the grounds that she missed too many workdays.

24. Thrive Alabama's violations of Ms. Akers' rights under the ADA and FMLA have deprived her of income. Her loss of a job and her treatment by Thrive Alabama also caused her to suffer noneconomic compensatory damages available under the ADA, including mental anguish and emotional distress.

## COUNT I

### (Interference under the Americans with Disabilities Act, 42 U.S.C.A. § 12203(b)

Plaintiff incorporates by reference paragraphs 1-24 of this complaint as though set forth fully and separately herein.

25. Defendant is a covered entity under the ADA. 42 U.S.C.A. § 12111.

26. Plaintiff engaged in protected activity under the ADA in that she sought and obtained a modified work schedule for reasons related to her medical impairment.

27. Defendant's termination of Plaintiff for exercising her rights protected her the ADA constitutes unlawful interference under the ADA.

28. Defendant's unlawful conduct based on Plaintiff's disability has inflicted various damages on Plaintiff, including but not limited to back pay, front pay, and the loss of benefits; and noneconomic damages, including emotional distress, humiliation, embarrassment, and mental anguish.

29. Defendant's actions entitle Plaintiff to punitive damages, in that Defendant engaged in a discriminatory practice with malice or reckless indifference to Plaintiff's federally protected rights under the ADA.

## COUNT II
### (Disability discrimination under the Americans with Disabilities Act, 42 U.S.C.A. § 12112(a))

30. Plaintiff incorporates by reference the preceding paragraphs 1-24 of

this complaint as though set forth fully and separately herein.

31.    Plaintiff, at all times relevant to this complaint, was a person with an ADA-qualifying disability in that she suffered from an impairment that substantially limited major life activities, but she performed the essential functions of her job with reasonable accommodations.

32.    Defendant unlawfully terminated Plaintiff base on her need to take time off work due to her medical impairment and her continuing need for reasonable accommodations in the form of temporary reduced hours during her period of recovery.

33.    As a result of Defendant's disability-based discrimination, Plaintiff has suffered monetary damages, including but not limited to back pay, front pay, and the loss of benefits; and noneconomic damages, including emotional distress, humiliation, embarrassment, and mental anguish.

34.    Defendant's actions entitle Plaintiff to punitive damages, in that Defendant engaged in a discriminatory practice with malice or reckless indifference to Plaintiff's federally protected rights under the ADA.

## COUNT III

**(Interference in violation of the Family and Medical Leave Act, 29 U.S.C.A. § 2615(a)(1))**

35.    Plaintiff incorporates by reference the preceding paragraphs 1-24 of this complaint as though set forth fully and separately herein.

36.     Defendant is a covered entity under the FMLA. 29 U.S.C.A. § 2611(4)(A)(iii)-(B).

37.     Plaintiff was an eligible employee under the FMLA as of March 2022 in that she had been employed by Defendant more than 12 months, or 1250 hours, during the previous 12-month period. 29 U.S.C.A. § 2611(2)(A).

38.     Plaintiff was entitled to a benefit under the FMLA in that she was eligible for intermittent and continuous leave due to a serious medical condition.

39.     Plaintiff was denied the benefit of FMLA leave, in that Defendant did not provide Plaintiff notice of her eligibility for FMLA leave, or of her rights and responsibilities regarding FMLA leave for intermittent or continuous leave to recover from a serious medical condition.

40.     As a proximate result of Defendant's failure to provide Plaintiff notice of his eligibility and rights and responsibilities under the FMLA, Plaintiff suffered harm, in that she did not receive FMLA protected leave to which she was entitled after May 2022, and her job was left unprotected at the time she was terminated.

41.     Defendant's conduct constituted interference with the exercise of Plaintiff's rights provided under the FMLA. 29 U.S.C.A. § 2615(a)(1).

42.     As a result of Defendant's interference with Plaintiff's FMLA rights, Plaintiff suffered monetary damages including lost back pay and front pay, and

based on the willful nature of Defendant's conduct, Plaintiff is entitled to liquidated damages.

## COUNT IV

### (Retaliation in violation of the Family and Medical Leave Act, 29 U.S.C.A. § 2615(a)(1))

43. Plaintiff incorporates by reference the preceding paragraphs 1-24 of this complaint as though set forth fully and separately herein.

44. Plaintiff engaged in protected activity under the FMLA by exercising her right to take leave under the FMLA for a serious medical condition.

45. Plaintiff's exercise of her right to take FMLA leave was a determinative cause of her termination by Defendant, which cited her prolonged absences from work, which included her medical leave, as the grounds for firing Plaintiff.

46. As a result of Defendant's retaliatory conduct, Plaintiff suffered monetary damages including lost back pay and front pay, and based on the willful nature of Defendant's conduct, Plaintiff is entitled to liquidated damages.

## PRAYER FOR RELIEF

Wherefore, based on the above stated claims, Plaintiff demands a trial by jury and that the following relief be granted:

  a. Back pay, front pay, and lost benefits;

    b.  Liquidated damages under the FMLA;

    c.  Compensatory damages under the ADA to the extent allowed by law;

    d.  Punitive damages under the ADA;

    e.  Attorneys' fees and costs of litigation;

    f.  Pre-judgment and post-judgment interest at the highest lawful rate; and

    g.  Such other equitable and monetary relief as the Court deems just and proper.

Respectfully submitted, the 30th day of November 2023.

**HKM Employment Attorneys LLP**

*s/Artur Davis*
Artur Davis
ASB 3672D5A
2024 3rd Ave. North, Suite 212
Birmingham, AL 35203
Direct: 205-881-0935
adavis@hkm.com

*s/ Rita Cherry*
Rita Cherry[1]
GA Bar No: 123398
3344 Peachtree Rd. NE, Suite 800
Office No. #35

---

[1] Rita Cherry will promptly file for admission *pro hac vice* as an attorney of record in this action. Ms. Cherry is licensed in the state of Georgia.

>Atlanta, GA 30326
>Direct: 404-383-1213
>Rcherry@hkm.com

>**Attorneys for Plaintiff Monica Akers**